**FRITZ W. GLITSCH & SONS, Inc.**

v.

**WYATT METAL & BOILER WORKS.**

Civ. No. 5438.

United States District Court
N. D. Texas, Dallas Division.
June 1, 1954.

Jack A. Schley, Joseph Schley, and Peter Schley, Dallas, Tex., Alto B. Cervin, Dallas, Tex., John A. Dienner and Edward C. Grelle (of Brown, Jackson, Boettcher & Dienner), Chicago, Ill., for plaintiff.

Garrett R. Tucker, Jr. and Frank B. Pugsley (of Baker, Botts, Andrews & Shepherd), Houston, Tex., Ralph W. Malone and George E. Seay, Dallas, Tex., for defendant.

ATWELL, Chief Judge.

This suit relates to a patent issued to the plaintiff, originally numbered 2,210,808, and re-issued under number 22,946, for treating liquids with gases, and plaintiff alleges that the defendant infringed whereby the plaintiff suffered damages, for the recovery of which it sues, and for an injunction.

Under the new patent statute, 35 U.S. C.A. § 282, it is provided that a patent is presumed to be valid, and, the burden of establishing invalidity of a patent shall rest on the party asserting it, and, the defenses of alleged accused, or, accused, is non-infringement, absence of liability for infringement, or, unenforcibility; or, second, the invalidity of patent, or any claim in suit, on any grounds specified in Part Two of this title, as a condition for patentability; or, third, invalidity of the patent, or, any claim in suit, for failure to comply with any requirement of Sections 112, and 251 of this Title; or, fourth, any other fact not made a defense by this article.

■ It must also be borne in mind that commercial success is not any proof of the validity of a patent, but, it is an important element in sustaining a patent.

I find that the apparent simplicity of the patent in question is hardly applicable here, because, in this field it was for the purpose of treating liquids with gases; in the treatment of which very high temperatures were necessary; that the temperatures were within a tower; and, that within this tower these bubble plates, or, bubble cups—I think, perhaps, plates is a better term—were situated upon little floors themselves, we might call them, as if it were a building. This tower was heat tight, as I have already indicated, so that all of this interior of the tower, as well as the exterior, was made of such material as would reduce, and, resist successfully, so far as that is able to be done, the heat that was generated for the purpose that the tower was built, and, the bubble plates put in, and, the gases used for the treatment of the liquid. This affair was used in refineries, not at the well, but in the refineries, petroleum refineries.

And, in this treatment in the tower on these plates, or bubble cups, certain discoverable, in this manner, impurities were made, so that these impurities resulted in settlements on the bubble plates, or, cups, which would corrode, and, have to be scratched out, or, dug out.

That was about the state of the art at the time the plaintiff entered it; the treatment of liquids with gas extended far back. The Lowe patent cited here, and, a number of other patents—the Holmes, and, the Foster Wheeler, and, so on, all contained here in the file wrapper of this particular patent.

The plaintiff here not only recognized the demerits, and, faults of that which had preceded him, but it was necessary to save from corrosion, and, destruction, the bubble cup, or, plate.

That could be done if stainless steel were used, at least, in a large measure; but, I think the testimony justifies the assertion, and, I make it, that stainless steel would resist.

Now, of course, it was necessary to have these various floors, or, bubble plate containers, fastened to the tower, and, again, in considering such fastenings, the effect of heat on metal had to be considered, so that such fastening would not be disturbed by expansion, or, contraction. Expansion resulted when the heat would get high; contraction resulted when the heat went down low.

■ I think, by a study of the prior art, we might roughly arrive at the right of another, than the plaintiff here, to enter this field in competition with the plaintiff, but, a careful study of that

prior art does not reveal what the plaintiff here did reveal, and, succeed in doing.

I also think, however, that such prior art, and, such apparent defects as the defendant said were manifest in the plaintiff's patent justified its entry into this field of making, and, selling, bubble cups, such as it made.

I believe, therefore, that the fair thing to do here, the just thing to do here, is to leave the parties as they were, before they entered court, except, that the cost of this case should be adjudged against the defendant, no damages, no injunction.